U.S. SMALL BUSINESS ADMINISTRA-
TION, as Receiver for Investment
Capital, Inc., Plaintiff,

v.

James J. WASSON, Defendant.

No. CIV–93–1921–W.

United States District Court,
W.D. Oklahoma.

Aug. 17, 1994.

Kent B. Rainey, Paul B. Harmon, Selman & Stauffer Inc., Tulsa, OK, Mark A. Spellman, Small Business Admin., Washington, DC, for plaintiff.

Timothy J. Bomhoff, Peter B. Bradford, Daugherty Bradford Haught & Tompkins, Oklahoma City, OK, for defendant.

## *ORDER*

LEE R. WEST, Chief Judge.

This matter comes before the Court upon the motion for summary judgment filed pursuant to Rule 56, Fed.R.Civ.P., by the defendant, James J. Wasson. The plaintiff, U.S. Small Business Administration, as receiver for Investment Capital, Inc., has responded to the motion and the defendant has replied thereto. Based upon the parties' submissions, the Court makes its determination.

The issue raised by the defendant's motion is whether the plaintiff's claims of fraudulent conveyance, breach of fiduciary duty, negligence, unjust enrichment, violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, failure to keep adequate books and records and absence of internal controls are barred by the statute of limitations. In his motion, the defendant contends that the plaintiff's claims are based in tort and are barred by the three-year statute of limitations set forth in 28 U.S.C. § 2415(b). The defendant acknowledges that the plaintiff's claims can give rise to an action based upon a quasi-contract if the action is for restitution and not for compensatory damages. However, the defendant contends that the plaintiff's action is one for compensatory damages as restitution was imposed upon the defendant in his criminal action. Therefore, because the plaintiff's claims are based in tort and were not filed within three years after the claims accrued as required by § 2415(b), the defendant contends that the plaintiff's claims are barred as a matter of law.

The plaintiff, in response, contends that the claims of fraudulent conveyance, breach of fiduciary duty, unjust enrichment, failure to maintain adequate books and records and absence of internal controls sound in contract or quasi-contract rather than in tort. The plaintiff contends that the six-year statute of limitations set forth in 28 U.S.C. § 2415(a) which governs actions involving "any contract expressed or implied in law or fact" applies to those claims. The plaintiff specifically contends that the remedy sought in its claims of fraudulent conveyance and unjust enrichment is restitution and that it is not precluded from seeking this remedy by virtue of the restitution order entered in the criminal case. In regard to the RICO and negligence claims, the plaintiff acknowledges that the three-year statute of limitations governs but contends that the statute of limitations has been tolled during the plaintiff's receivership.

█ The Court finds that the plaintiff may seek restitution against the defendant. The Court concludes that the restitution ordered in the defendant's criminal case is not a civil judgment and does not preclude the entry of a civil judgment against the defendant for restitution. The Court also finds that the plaintiff is seeking restitution as a form of recovery for the fraudulent conveyance and unjust enrichment claims. Having so found, the Court finds that the plaintiff's claims are quasi-contractual in nature, that the six-year statute of limitations set forth in 2415(a) applies to the claims and that such claims are not barred. *U.S. v. Neidorf,* 522 F.2d 916 (9th Cir.), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976); *U.S. v. Moore,* 968 F.2d 1099 (11th Cir.1992); *FDIC v. Bank One, Waukesha,* 881 F.2d 390 (7th Cir.1989).

█ In addition, the Court concludes that the plaintiff's claims for breach of fiduciary duty, failure to keep adequate books and records and absence of internal controls are based in contract. In *Hughes v. Reed,* 46 F.2d 435 (10th Cir.1931), the Tenth Circuit found that the assumption of the duties of directorship in any corporation is an agreement honestly and diligently to direct the business of the corporation. It also found that the liability of a director for breach of that agreement is ex contractu. *Id.* at 441. In this case, the plaintiff has alleged that the defendant, a director of Investment Capital, Inc., breached certain obligations to the corporation. Because the claims are contractual in nature and were filed within the six-year statute of limitations period, the Court finds that the claims are not barred.

█ As to the plaintiff's claims of negligence and RICO, the Court finds that such claims are barred by the three-year statute of limitations set forth in 28 U.S.C. § 2415(b). Although the plaintiff argues that the limitations period should be equitably tolled during the plaintiff's receivership, the plaintiff has failed to cite any authority for its position and has further failed to set forth sufficient facts to warrant tolling of the limitations period.

Based upon the foregoing, the defendant's Motion for Summary Judgment filed on April 29, 1994 is hereby GRANTED in part and DENIED in part.